STATE of Missouri, Respondent,

v.

Lodiller STYLES, Appellant.

No. 56477.

Supreme Court of Missouri,
Division No. 2.

Feb. 22, 1972.

**592**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for appellant.

STOCKARD, Commissioner.

Lodiller Styles, charged with assault with intent to do great bodily harm with malice aforethought, waived trial by jury and was found guilty by the court of assault with intent to do great bodily harm without malice, and was sentenced to imprisonment for a term of two and one-half years.

Appellant's only contention is that the evidence was insufficient as a matter of law to sustain a judgment of conviction. We disagree and affirm.

Thomas Leroy Allen testified that in the early morning hours of July 20, 1969, while he was unlocking the door to the building occupied by a post of the Veterans of Foreign Wars, he was accosted by appellant. After some conversation, appellant removed a pistol from his pocket and attempted to force himself past Mr. Allen and into the building. Mr. Allen attempted to close and lock the door but was unable to do so because of appellant. He then pushed the door outward, knocking appellant to the ground, and started to run to his automobile parked across the street. While running away from appellant he was shot in the hip. Mr. Allen identified appellant as his assailant by selecting his picture from a group of 25 or 30 photographs, and at the trial he made a positive in-court identification of appellant. Mr. Tommy Heidelberg, who was waiting across the street in Mr. Allen's automobile, testified to the general sequence of events as related by Mr. Allen, but he did not see the assailant clearly enough to identify him.

■ The fact that Mr. Allen was shot by someone is not disputed. Appellant first directs his challenge to the sufficiency of the evidence as to identification. He contends that the testimony of Mr. Allen at trial was inconsistent with the description given to a police officer at the scene. Mr. Allen admitted that his description at the scene was not very accurate, but said he was misled by loose fitting clothes. Appellant also argues that Mr. Allen told the police officer at the scene that his assailant was wearing a blue shirt and dark pants, but made no mention of a jacket, while at trial Mr. Allen testified that his assailant was wearing a jacket. Such inconsistencies as there were, if any, were matters properly considered by the jury in evaluating the testimony of identification, but such inconsistencies did not destroy the probative value of the in-court identification. The jury resolved this issue contrary to appellant, and we find no prejudicial error.

■ Appellant further argues that no one testified that he actually saw appellant fire the shot which wounded Mr. Allen. This is so, but the circumstances clearly authorize a finding that he did.

■ The finding of guilt by the judge in a case where the jury has been waived has "the force and effect of a verdict of a jury." State v. Hatfield, Mo., 465 S.W.2d 468; Supreme Court Rule 26.01(b), V.A. M.R. The credibility of the witnesses is for the determination of the trier of the facts, in this case the court, and it concluded and found beyond a reasonable doubt that appellant was guilty of assault with intent to do great bodily harm. Appellant does no more than present an argument to the effect that the court would have been justified in not believing Mr. Allen. However, when the evidence authorizes the

findings of the trier of fact, as it clearly does in this case, the fact that there may have been minor inconsistencies in the testimony affords no basis for relief.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and SMITH, Special Judge, concur.